IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **EIMAJONONE E. BAILEY** | § | |
| **(TDCJ No. 1794293)** | § | |
| VS. | § | CIVIL ACTION NO.4:13-CV-663-O |
| | § | |
| **DEE ANDERSON, Sheriff,** | § | |
| **Tarrant County, Texas, et al.** | § | |

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
ON THE BASIS OF LACK OF EXHAUSTION**

Now pending is the motion for summary judgment of defendant Dee Anderson on the ground that Plaintiff Eimajonone E. Bailey failed to exhaust administrative remedies prior to filing this suit. Anderson's Mot. Summ. J, ECF No. 15. After review and consideration of the summary judgment motion, supporting documents, Bailey's responsive document, and the reply and supporting documents, the Court concludes that as Bailey did not exhaust administrative remedies before he filed this suit, the Court will grant the summary-judgment motion.

**I. BACKGROUND**

Plaintiff Bailey, a former Tarrant County Jail inmate, brought this suit under 42 U.S.C. § 1983 on August 15, 2013, while he was an inmate of the Texas Department of Criminal Justice (TDCJ)-Correctional Institution Division, alleging that he received improper or inadequate medical care while he was confined in the Tarrant County Jail that resulted in injury and/or pain and suffering and for which he now seeks compensatory damages. Compl. § V. Bailey asserted different claims against several other defendants, but all other claims and defendants were dismissed under authority of 28 U.S.C. §§ 1915A and 1915(e)(2)(B), by order entered on September 5, 2013. The Court then ordered Bailey to file a more definite statement as to his remaining claim against Dee Anderson, and after review of Bailey's more definite statement, the Court allowed service of Bailey's remaining

claim upon Anderson. Anderson entered an appearance by filing this preliminary motion for summary judgment.

## II. SUMMARY JUDGMENT EVIDENCE

Defendant Anderson incorporated a brief in support within the summary judgment motion. In an appendix in support of the motion, Defendant provided the November 18, 2013 affidavit of Tarrant County Jail Executive Chief Deputy Robert Knowles (Exhibit A, DA 1-5), along with a Tarrant County Jail book-in registration card (Attachment 1, DA 7); an Acknowledgment Receipt of Jail Regulations signed by Bailey (Attachment 2, DA 9); a portion of the Tarrant County Jail Inmate Handbook (Attachment 3, DA 11-12); Tarrant County Jail records relating to the transfer of Bailey from the jail to John Peter Smith Hospital (Attachment 4, DA 14-37); Tarrant County Jail Classification records regarding Bailey's housing assignment (Attachment 5, DA 36-38); Tarrant County Jail Visitor Log for Bailey (Attachment 6, DA 40-41); and an April 2012 Inspection Report of the Tarrant County Jail by the Texas Commission on Jail Standards (Attachment 7, DA 43-46). The appendix also included as Exhibits B and C (DA 47-57), records of the basis for Bailey's incarceration, and as Exhibit D (DA 58-61), a copy of a publication from the National Institute of Health regarding urinary catheters. Anderson's App., ECF No. 16, at 1-67.

Bailey filed a response to the motion for summary judgment and he declared "under penalty of perjury that the allegations presented to this Honorable Court are true to the best of his ability." Bailey's Resp., ECF No. 19, at 1-4. Section 28 U.S.C. § 1746 permits unsworn declarations to substitute for an affiant's oath if the statements made therein are made "under penalty of perjury" and verified as "true and correct." 28 U.S.C. § 1746 (West 2006). The Court will consider Bailey's statements in the response as summary judgment evidence. Also Bailey declared "under penalty of

x

perjury" that both his complaint and more definite statement were "true and correct." Compl. at 6, ECF No. 1; More Definite Statement, at 5, ECF No. 10. Thus, the Court will review Bailey's pleadings as well. *See Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir. 1989). Anderson also filed a January 2, 2014 Supplemental Affidavit of Knowles, and a copy of a petition and receipt for a lawsuit filed by Bailey raising similar claims in the 96th Judicial District Court of Tarrant County, Texas. Anderson Reply, ECF No. 20, at 7-13.

### III. SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001)(citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law."*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992).  Instead, parties should "identify

specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted)(internal quotation marks omitted). "After the non-movant [here, Plaintiff] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**IV. ANALYSIS-Lack of Exhaustion**

Defendant Anderson argues in the motion for summary judgment that Bailey failed to exhaust his administrative remedies prior to filing suit as required under 42 U.S.C. § 1997e(a). That statute provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a)(West 2012). In *Booth v. Churner,* 532 U.S. 731 (2001), the Supreme Court held that Congress intended a prisoner to invoke whatever administrative grievance remedies are available within a jail or prison, without regard to whether the grievance procedure affords money-damage relief, before he may file suit contesting prison conditions in federal court. *Booth*, 532 U.S. at 738-41. The Supreme Court later clarified that the 1997e(a) exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and


whether they allege excessive force or some other wrong."*Porter v. Nussle*, 534 U.S. 516, 532 (2002). As the United States Court of Appeals for the Fifth Circuit has explained:

> Quibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in *Booth*. Justice Souter summed up the Court's conclusion in a footnote:
>
>> Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.

*Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (citing *Booth*, 532 U.S. at 741 n. 6). Then in *Jones v. Bock*, 549 U.S. 199 (2007), although the Supreme Court recognized for the first time that lack of administrative exhaustion was an affirmative defense, the Court expressly reaffirmed that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211, 212-17.

The Supreme Court has also determined that a prisoner cannot bring an action in court regarding prison conditions until the prisoner "properly exhausts" his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81 (2006). Proper exhaustion under § 1997e(a) means that the inmate must complete whatever administrative review steps are provided in accordance with the applicable procedural rules, without any exception for untimely, unavailable, or procedurally defective attempts at exhaustion. *Id.* at 90-94. It does not include "untimely or otherwise procedurally defective administrative grievances] or appeal[s]." *Id.* at 83-84. This exhaustion requirement gives corrections officials time and opportunity to address complaints internally before allowing initiation of a federal case, which results in a reduction in the volume of prisoner suits, an improvement in the quality of prisoner suits, and an administrative record that is helpful to the court. *Id.* at 89-90, 93-94. The Fifth Circuit has more recently stated:

> This court has taken a strict approach to the exhaustion requirement. *Dillon v. Rogers,* 596 F.3d 260, 268 (5th Cir. 2010). Proper exhaustion is required, meaning that the inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006).

*Lindsey v. Striedel,* 486 F. App'x 449, 452 (5th Cir. 2012) (citing *Woodford*, 548 U.S. at 90-91). "Where any administrative process remains uncompleted, the requirements of the PRLA are not met, and dismissal is proper." *Nottingham v. Richardson,* 499 F. App'x 368, 373 (5th Cir. 2012)(citations omitted). After the Supreme Court held that exhaustion was an affirmative defense, the Fifth Circuit explained that: "When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits." *Dillon,* 596 F.3d at 273.

Plaintiff was a prisoner in the TDCJ-Correctional Institutions Division on the date he filed this § 1983 form complaint. Plaintiff had been an inmate incarcerated in the Tarrant County Jail before he was transferred to TDCJ on July 16, 2012. DA 2, ¶ 3; 7. After entering a guilty plea in the 372nd Judicial District Court of Tarrant County, Texas, on May 30, 2012, Plaintiff Bailey was taken into custody by the Tarrant County Sheriff's Department. DA 2, 7; DA 47-56. Inmate Bailey was incarcerated continuously in the Tarrant County Jail from May 30, 2012, until July 16, 2012, when he was transferred to TDCJ. DA 2, ¶ 3. During his jail confinement, Bailey was not in isolation and was assigned to the infirmary within the Corrections Center. Knowles January 2, 2014 Supplemental Aff., ¶ 3. Jail records show that Bailey was transferred from the jail infirmary to John Peter Smith (JPS) Hospital on June 12, 2012, and returned that same day, after evaluation and treatment for blood in his urine, scrotal edema and urethral trauma and insertion of a Foley catheter. DA 3, ¶ 72; DA 14-16, 28-29, 34. Bailey was again transferred from the jail infirmary to JPS Hospital on June 22, 2012,

and returned on July 10, 2012, after he was given treatment for a urinary tract infection. DA 3, ¶ 7; DA 17-23, 32.

In the form complaint filed in this case, to the question "Have you exhausted both steps of the grievance procedure in this institution?" Plaintiff checked "Yes." Compl. § III. He did not, however, attach copies of a grievance or appeal or any response from the Tarrant County Jail administration showing a completely appealed grievance. Instead, he stated he "Completed 11.07 Habeas Appeal, See exhibit (1)(A)." But Plaintiff's "exhibit (1)(A)" consists of two postcard notices from the Clerk of the Texas Court of Criminal Appeals regarding Plaintiff's Application for Writ of Habeas Corpus filed in Case Number WR-79,708-01 pursuant to the Texas Code of Criminal Procedure, Article 11.07. Compl. at 8; DA 52-54. Plaintiff referred to these same exhibits in responding to the Court's question in the Order for More Definite statement directing him to "state what administrative steps [he] took to resolve any claim against Dee Anderson within the Tarrant County jail administrative review process and the outcome." September 5, 2013 Order, ¶ 5, ECF No. 9; September 26, 2013 More Definite Statement, ¶ 5, ECF No. 10. The procedure for filing a state court application for a writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure, referenced by Plaintiff, is not a part of the Tarrant County Jail Inmate Grievance Procedure and the denial by the Texas Court of Criminal Appeals of his article 11.07 application did not fulfill the requirements of 42 U.S.C. § 1997e.

Instead, the defendant has provided evidence that at that time of the complained of events, the Tarrant County Jail had an administrative inmate grievance process, as set forth in the Tarrant County Jail Inmate Handbook. DA 2-3,4 ¶¶ 5-7, DA 011-12. The grievance procedure included an appeal to an Inmate Grievance Appeal board, and then further to the Sheriff or his designee. DA 12.

*See generally Coffer v. Tarrant County, Texas*, 2005 WL 1314000, at *2 (N.D. Tex. May 31, 2005) (Means, J.) (holding that for a conditions of confinement claim arising in the Tarrant County Jail, inmate must complete available appeal step beyond initial grievance). The procedure also included a special provision for a grievance that could be deemed an emergency. The handbook provides:

> To file a grievance you must send a written statement directly to the Grievance Unit in a sealed envelope marked Grievance. You may obtain a Grievance Form and envelope from the Housing Officer. **Where undue delay could reasonably result in inmate or staff members being subjected to personal injury or other damages, you shall write "Emergency Grievance" on the face of the envelope.** NOTE: A grievance marked as "Emergency" shall be investigated by a supervisor to assess the emergency and process accordingly.

DA 3, ¶ 6; DA 12 (emphasis in original). In his initial Affidavit, Knowles, referring to the Handbook receipt form signed by Bailey when he was booked into the jail on May 30, 2012, explains: "Mr. Bailey's signature and thumb print on the receipt form documents that he was provided with a copy of the inmate handbook on that date." DA 2, ¶ 5; DA 9. Plaintiff was on notice and knew or should have known that he could file and appeal grievances. Bailey also had the opportunity in face-to-face contacts with corrections officers to ask any questions regarding grievance filing and appeal procedure. DA 2, ¶ 5. Plaintiff never used or exhausted the Tarrant County Jail grievance procedure by submitting a grievance to the Grievance Board or appealing a grievance concerning medical care to the Grievance Appeal Board and the Sheriff (or his designee) before or after filing suit. DA 3, ¶ 7.

In his response to Anderson's motion for summary judgment, Bailey writes that as he was in either the infirmary or at JPS hospital during the relevant time period, he should be allowed to pursue his § 1983 claims even though he did not use or exhaust the Jail's grievance procedures. Bailey Resp. at 1. He writes that "if a prisoner does not file a grievance because he is unable to

obtain grievance forms, no administrative remedy is in fact 'available'"; and "the Plaintiff in a 1983

action is not required to exhaust the 'available' state remedies . . . if state remedies will not solve

issues or pre-determined responses that are set will hinder action." *Id.*

The exhaustion requirement may be excused when administrative remedies are not available.

In *Days v. Johnson,* 322 F.3d 863, 867 (5th Cir. 2003), *implicitly overruled on other grounds, Jones*

*v. Bock*, 549 U.S. 199, 214-15 (2007), the Fifth Circuit excused the exhaustion requirement where

the inmate was unable to file grievances because of a broken hand (physical injury) and then had

later attempts to file grievances rejected as untimely. *Id.* at 866-67. The Fifth Circuit held that under

those circumstances, the exhaustion requirement was excused, but stated that "the holding was

limited to the narrow facts of this case." *Id.* at 867.   While it is a question of law whether

administrative remedies qualify as "available" under § 1997e(a), availability sometimes turns on

questions of fact. *Dillon*, 596 F.3d at 266.

The Fifth Circuit has applied the ordinary dictionary definition of "'available' as, among

other things, 'immediately utilizable,' and 'that is accessible or may be obtained: personally

obtainable.'" *Days v. Johnson,* 322 F.3d 863, 867 (5th Cir. 2007) (quoting Webster's New

International Dictionary 150 (3d ed. 1981)); *see also Manemann v. Garrett*, 484 F. App'x 857, 858

(5th Cir. 2012) (dismissing claims under § 1983 for lack of exhaustion where Llano County

defendants "met their burden of showing that a grievance policy existed and that it was accessible"

to inmate plaintiff claiming inadequate medical care). And, in *Ferrington v. La. Dept. Of*

*Corrections*, 315 F.3d 529 (5th Cir. 2002), an inmate alleged he should be excused from exhausting

his administrative remedies because he was blind. *Id.* at 529.  The Fifth Circuit concluded that his

alleged blindness did not prevent him from filing his lawsuit, appealing a disciplinary hearing or

filing other grievances, and thus determined his blindness could not have prevented him from exhausting his available administrative remedies. *Id.* at 532. An administrative remedy is not "unavailable simply because a prisoner has not timely or properly filed a grievance and is consequently later bared from seeking further administrative relief." *Dillon,* 596 F.3d at 267 n. 1 (citing *Woodford*, 548 U.S. at 843-84).

The undisputed facts establish that administrative remedies were available to Plaintiff. Plaintiff offers no explanation as to why he could not pursue those remedies while in the infirmary or hospital. Moreover, there is nothing in the record to suggest that exhaustion would have been futile, or that the grievance procedure was unavailable to Bailey due to his illness, his hospitalization or any other reason. Chief Deputy Knowles's supplemental affidavit provides:

> Jail records show that Mr. Bailey was hospitalized at John Peter Smith Hospital for 19 days of the total 47 days of his confinement in the Tarrant County Jail in 2012. During his confinement, Mr. Bailey was not in isolation at any time and when not hospitalized at JPS, he was assigned to the Jail Infirmary located in the Corrections Center. Inmates assigned to the Jail Infirmary or who are hospitalized have the same rights and privileges as inmates assigned to general population areas with respect to filing of grievances and are permitted to submit grievances concerning medical care and treatment. An inmate's assignment to the Infirmary is based on the recommendation of medical personnel and allows more extensive medical care and treatment than available to general population inmates. Inmates assigned to the Infirmary have regular, daily contact with detention officers and may request a grievance from directly from detention officers. Inmates who are hospitalized have a detention officer assigned to guard them around the clock (24/7). My review of Mr. Bailey's jail records does not indicate that the circumstances of his confinement or his physical or mental condition during the time that he was assigned to the Infirmary or while hospitalized at John Peter Smith Hospital would have prevented him from submitting grievances regarding his medical care or medical treatment. There is no indication in Mr. Bailey's jail records that he at any time requested a grievance form and his request was refused or jail staff in any way interfered with his right to submit a grievance.

Supplemental Knowles Aff., ¶ 3, ECF No. 20. The medical summary dated June 22, 2012, records that Bailey was "oriented to person, place, and time." DA 22. Bailey claims in his more definite

statement that on June 19, 2012, "medical staff . . . used a 'Foley Catheter' [and] attempted to force it into the urethra causing severe pain and bleeding . . . "; and he further states that on June 20, he was transported to JPS Hospital ER and remained there until July 10, 2012. Jail records also show that during the period of hospitalization, Bailey had ten visits from family members. DA 40-41. Nothing suggests that Bailey was unable or prevented during this same time from filing a grievance concerning his medical care. *See generally Manemann*, 484 F. App'x at 858 ("Nothing in the record before us suggests that Mannemann ever asked for information about filing a grievance and was refused such information or was given incorrect information").

      Bailey was required, as an inmate in the Tarrant County Jail, to exhaust administrative remedies on his claim through all levels of the Tarrant County jail inmate grievance procedure before filing this suit in federal court. Defendant Anderson has come forward with evidence showing Bailey did not initiate or complete the grievance process. Further, Anderson has presented evidence that even while Bailey was in the infirmary or JPS Hospital, he could have initiated the grievance process. A nonmoving party's opposition to a motion for summary judgment must consist of more than mere unsupported allegations or denials and must be supported by competent evidence, setting forth specific facts. Fed. R. Civ. P. 56(e)(3); *see Celotex Corp.,* 477 U.S. at 324. Bailey has not come forward with evidence that meets this standard and would permit a reasonable fact finder to decide in his favor. In sum, the Court concludes that Bailey has not completed the required administrative-remedy process before commencing this suit. Therefore, Defendant Anderson's motion for summary judgment must be granted on the basis of lack of exhaustion.

**ORDER**

It is therefore **ORDERED** that defendant Anderson's motion for summary judgment (ECF No. 15) is **GRANTED** and plaintiff Eimajonone E. Bailey shall take nothing on his remaining claims against defendant Dee Anderson, and such claims are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** this **2nd day** of **September, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**